## THACHER'S DISTILLED SPIRITS.

1. The regulation prescribed by the Commissioner of Internal Revenue, that "whenever any rectifier proposes to empty any spirits, for the purpose of rectifying, purifying, refining, redistilling, or compounding the same, he will file with the collector a notice or statement giving the number of casks or packages, the serial number of each, the number of wine and proof gallons in each, the kind of stamps and serial numbers of each, the particular name of such spirits as known to the trade, the proof, by whom produced, the district where produced, by whom inspected, and the date of inspection," is within the purview of the power conferred upon that officer by sect. 3249 of the Revised Statutes, "to prescribe rules and regulations to secure a uniform and correct inspection, weighing, marking, and gauging of spirits."

2. The ruling that when an act works the forfeiture of goods, the right of the government at once attaches to seize them whenever and wherever they may be found and assert the forfeiture, reaffirmed. *Henderson's Distilled Spirits*, 14 Wall. 44, cited and approved.

ERROR to the Circuit Court of the United States for the Southern District of New York.

The facts are stated in the opinion of the court.

*Mr. Thomas Harland* for the claimant.

*Mr. Assistant Attorney-General Smith*, contra.

MR. JUSTICE MILLER delivered the opinion of the court.

The case before us originated in an information filed in the District Court for the Southern District of New York against certain packages of distilled spirits by the district attorney, as forfeited by reason of a violation of the regulations of the Com-

missioner of Internal Revenue concerning the tax on distilled spirits.

Sect. 3249 of the Revised Statutes authorizes that officer " to prescribe rules and regulations to secure a uniform and correct inspection, weighing, marking, and gauging of spirits." One of the regulations established under this authority says that " whenever any rectifier proposes to empty any spirits for the purpose of rectifying, purifying, refining, redistilling, or compounding the same, he will file with the collector a notice or statement giving the number of casks or packages, the serial number of each, the number of wine and proof gallons in each, the kind of stamps and serial numbers of each, the particular name of such spirits as known to the trade, the proof, by whom produced, the district where produced, by whom inspected, and the date of inspection."

It is made the duty of the gaugers to inspect, brand, and stamp all spirits required by law to be inspected, of which returns are to be made daily in duplicate to the assessor and collector, containing a true account in detail on Form No. 59.

The information, after reciting the seizure of the spirits and alleging that they had formerly been owned by one Bensberg, alleges " that said Bensberg, while his ownership of said spirits continued, and with the purpose and intention of obtaining the issue to him of stamps for rectified spirits, to be placed upon certain other spirits upon which the tax had not been paid, and for the purpose of evading said tax, and enabling him to dispose of the latter mentioned spirits without compliance with any requirement of law respecting them, falsely made returns to the collector of the collection district aforesaid upon Form 122 aforesaid ; that the spirits first above mentioned were emptied for rectification upon his premises aforesaid, and the stamps, marks, and brands thereupon effaced and obliterated, and that said Bensberg, then and there, by means of a bribe of money for that purpose, paid by said Bensberg to a certain United States gauger, who was then and there charged with the duty of inspecting the emptying of packages of spirits for rectification upon the premises aforesaid, and of making his certificate relating thereto as set forth in Form 122 aforesaid, and of making a report relating thereto

to said collector upon a form duly, by the commissioner aforesaid according to law, for that purpose prescribed, and known as Form 59, whereof a copy is hereto annexed and marked B, induced said gauger to make his certificate upon Form 122 as aforesaid, and the return upon Form 59 aforesaid, that the packages of spirits first above mentioned were emptied upon said premises, and the stamps, marks, and brands upon them effaced and obliterated, while in truth and in fact such returns, Forms 122 and 59, and said certificate, were wholly false, and said packages were not emptied, or said stamps, marks, or brands effaced or obliterated, but on the contrary thereof said packages were subsequently shipped and delivered to the claimant in this action, and said Bensberg then and there conveyed to said claimant all the right, title, and interest therein which he could convey in view of the facts hereinbefore alleged, against the form of the statutes of the United States in such case provided."

On demurrer to this information judgment was rendered for the United States in the District Court, which was affirmed on a writ of error by the Circuit Court.

The Revised Statutes, sect. 3451 is as follows : —

"Every person who simulates or falsely or fraudulently executes or signs any bond, permit, entry, or document required by the provisions of the internal revenue laws, or by any regulations made in pursuance thereof, or who procures the same to be falsely or fraudulently executed, or who advises, aids in, or connives at such execution thereof, shall be imprisoned for a term not less than one year nor more than five years, and the property to which such false and fraudulent instrument relates shall be forfeited."

It is objected by counsel for the claimant of the whiskey, that the regulation in question is unauthorized by the statute. But we see no just ground for such a proposition.

The internal revenue law is very specific in the details of that which is necessary to prevent fraud, especially in regard to the tax on whiskey and tobacco, and it was still found necessary to authorize the bureau which had charge of the collection of that tax to prescribe regulations for conducting the business of making and selling whiskey, and to adopt forms of

reports in the information which it must receive from the officers engaged in collecting the tax, and the parties who should pay the tax.

The rule in question seems to be a reasonable one and within the purview of the power conferred.

After all, the essence of the charge against Bensberg is that he defrauded the government out of the tax justly due, and that he did it by the fraudulent use of these forms and in violation of the regulations.

It is also urged that the offence which he committed had relation to the other whiskey on which he placed the stamps fraudulently obtained. The answer to this is, that while both packages were properly stamped, the fraud was committed in obtaining stamps on a false certificate of emptying the casks now seized, and a false certificate of the gauger to that effect in violation of the regulation on that subject. We are of opinion that it was in regard to the whiskey now seized that the false entry was made, and the forfeiture attached to it.

Though claimant's counsel sets up the innocence of the present claimant in regard to the fraud or any knowledge of it, it can hardly be necessary at this day to reconsider the doctrine that when the act has been done which the law declares to work a forfeiture of the property, the right of the government to seize the property, and assert the forfeiture, attaches at once and may be pursued by the government whenever and in whose hands soever that property may be found. *See Henderson's Distilled Spirits,* 14 Wall. 44.

*Judgment affirmed.*