## CAGLE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 4, 1925.)

No. 4137.

1. **Conspiracy ⬅33—Legality of seizure of automobile immaterial as respected existence of conspiracy to defraud the United States.**

Where United States marshal had seized automobile used in transportation of intoxicating liquor, conspiracy to deprive the United States of its title and possession was conspiracy to defraud the United States of property interest, in violation of Criminal Code, § 37 (Comp. St. § 10201), whether the automobile had been obtained by legal or illegal seizure.

2. **Conspiracy ⬅43(10) — Allegation that United States was in actual possession of subject of conspiracy held unnecessary.**

In prosecution under Criminal Code, § 37 (Comp. St. § 10201), for conspiracy to defraud the United States of the title and possession of an automobile, seized by the marshal because used in transportation of liquor, allegation that United States was in actual possession was unnecessary; charge that government had interest therein being sufficient.

3. **Conspiracy ⬅33 — Possession of garage keeper held sufficient possession of United States to sustain prosecution for conspiracy to defraud United States.**

Custody of garage keeper, holding by direction of marshal, held sufficient possession by United States to sustain prosecution, under

Criminal Code, § 37 (Comp. St. § 10201), for conspiracy to defraud the United States of title and possession of automobile, seized by marshal because used in transportation of intoxicating liquor.

4. **Conspiracy ⬅33—Defendant held guilty of conspiracy to defraud the United States of title and possession of automobile seized by marshal.**

Defendant, who offered to pay other persons certain amount if they would get possession of automobile, which had been seized by United States marshal, and deliver it to certain place, was guilty of conspiracy to defraud the United States, under Criminal Code, § 37 (Comp. St. § 10201), when offerees acted on offer, though, after taking possession of automobile, they abandoned it without delivery at such place.

5. **Courts ⬅337—Federal courts not bound by state practice or statute in conduct of cases.**

In the conduct of a criminal trial, the federal courts are not bound by state practice or statute.

6. **Criminal law ⬅665(2)—Permitting codefendant, who was to testify for government, to remain in courtroom, held discretionary.**

Permitting codefendant, who had pleaded guilty, and who was to testify for the government, to remain in the courtroom after the rule was invoked excluding witnesses, held discretionary.

In Error to the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

J. H. ("Harve") Cagle was convicted of conspiracy to defraud the United States of the title and possession of a certain automobile, and he brings error. Affirmed.

W. T. Kennerly, of Knoxville, Tenn. (W. K. Anderson, of Knoxville, Tenn., on the brief), for plaintiff in error.

George C. Taylor, U. S. Atty., of Knoxville, Tenn.

Before DENISON, MACK, and KNAPPEN, Circuit Judges.

MACK, Circuit Judge. Plaintiff in error, hereinafter called defendant, Cagle, was with others convicted under two counts. The one was for conspiracy to defraud the United States of the title and possession of a certain automobile, describing the same, seized by the marshal while being used in the transportation of intoxicating liquor, and which became forfeited to the United States by reason of such unlawful transportation, and was then and there the property of the United States. The other count was for feloniously taking and carrying away personal property of the United States, describing the same automobile and custody thereof.

Inasmuch as Cagle's sentences on both counts were identical and ran concurrently, it suffices if the conviction under either count can be upheld. We confine our consideration to the former count, deeming it unnecessary to determine whether or not the latter count be governed by the case of Patmore v. U. S. (C. C. A.) 1 F.(2d) 8.

[1-3] 1. Whether the automobile was obtained by a legal or an illegal seizure is immaterial in this case. Possession at least had been obtained by the United States through its marshal's seizure. Even as against the owner or former possessor, the United States would have the right to have its claim thereto determined in a court, and not to be defrauded of this right by a forcible recapture or seizure. Clearly, therefore, a conspiracy to deprive it of such right and interest in the property is a conspiracy, within Criminal Code, § 37 (Comp. St. § 10201), to defraud the United States of some property interest. A positive allegation that the United States was in actual possession at the time of the consummation of the alleged conspiracy is unnecessary. It suffices to charge that at the time of the conspiracy the United States had an interest therein. The allegation of the possession of which the United States was to be defrauded is sufficiently proven by evidence of possession through the custody of a garage keeper holding by direction of the marshal.

[4] 2. One of the defendants, who had pleaded guilty, testified that he had met the other defendants, who were talking about the automobile, and that defendant Cagle said he would give $100 if it was delivered to Blue Ridge, Ga.; that later in the day the other codefendant told witness he would give him $50 if he would help him get it out and take it down to Georgia; that two days later they took the car, and were driving it to Blue Ridge, when they found a bridge blockaded by prohibition officers; that they then turned back, and finally abandoned the car in front of the former custodian's garage.

Under this testimony, Cagle's connection with the alleged conspiracy was his unretracted offer to pay $100 if the car was taken from the custodian and driven to Blue Ridge. That offer was accepted, not in words, it is true, but by the acts of the codefendants. Thereby not merely the actors, but Cagle, the offerer, pursuant to whose offer the others were acting in order to carry into execution the common purpose, were clearly engaged in a common enterprise. It is unnecessary to detail further circumstances. These alone, if believed as they were by the jury, sufficed to establish the conspiracy as charged.

[5, 6] 3. In the conduct of the trial, the federal courts are not bound by state practice or statute. It was therefore discretionary with the court to permit the codefendant, who had pleaded guilty and who was to testify for the government, to remain in the courtroom after the rule was invoked excluding witnesses. We find here no abuse of discretion.

Judgment afirmed.