**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Louis Darnell GORDON,
Defendant-Appellant.**

No. 80–5252.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 5, 1981.

Robyn J. Hermann, Asst. Federal Public Defender, Theodore J. Sakowitz, Federal Public Defender, Miami, Fla., for defendant-appellant.

Atlee W. Wampler, III, U. S. Atty., Linda Collins Hertz, James D. McMaster, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

* Of the U.S. Court of Customs and Patent Appeals, sitting by designation.

1. 18 U.S.C. § 641. Public money, property or records.

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

Before GODBOLD, Chief Judge, HATCHETT, Circuit Judge, and MARKEY *, Chief Judge.

MARKEY, Chief Judge:

Louis Darnell Gordon (Gordon) appeals his conviction by jury of a violation of 18 U.S.C. § 641.[1] We *affirm.*

## BACKGROUND

The United States Coast Guard seized a marijuana-laden vessel off the coast of Florida and brought it, on the morning of July 6, 1978, to the Coast Guard base at Miami. The Customs Service supplied temporary workers, Gordon among them, to unload the marijuana. After the unloading, Gordon and several Customs Officers went to an incinerator site to dispose of the marijuana.

A Customs Officer saw Gordon place a bale of marijuana on the roof of the incinerator. An inspection revealed two bales of marijuana on the roof, two bales in a nearby trash can, and one bale, covered by an old bedspread, under a ladder leading to the incinerator roof.

Gordon was arrested and taken to a local jail, where a search revealed marijuana in his socks and umbrella. He was indicted, tried by a jury, and convicted on one count of theft of Government property having a value in excess of one hundred dollars. Gordon was placed on probation for eighteen months.

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

## ISSUES

The issues on this appeal are whether: (1) the marijuana was government property at the time of the theft; (2) the indictment charged an offense under 18 U.S.C. § 641; and (3) the marijuana represented "value" under the statute.[2]

## DISCUSSION

### (1) *Government Property*

Raising an issue of first impression, Gordon says the Government did not establish its ownership of the marijuana, and that the trial judge erred in not allowing him to argue the property issue to the jury. We find those assertions unpersuasive.

 Contrary to Gordon's argument, the Government's failure to comply with a notice provision of a regulation, 19 C.F.R. § 162.63,[3] did not deprive it of title to the marijuana. Whatever effect the agency regulation may have under other circumstances, it cannot supersede a statute applicable to those present here. That statute, 21 U.S.C. § 881(f), provides: "All controlled substances . . . possessed . . . in violation of the provisions of this subchapter [Subchapter I of the Controlled Substances Act] shall be deemed contraband . . . and summarily forfeited to the United States."[4] Gordon's argument that § 881(f) does not apply because the marijuana was seized under subchapter II of the Act ignores 21 U.S.C. § 965 (1976)[5] (in effect when Gordon was arrested): "Part E of subchapter I [29 U.S.C. § 871–886] . . . shall apply . . . to violations of this subchapter, [Subchapter II] to the same extent that such part applies . . . to violations of subchapter I of this chapter." Because importation of marijuana is a violation of subchapter II, the summary forfeiture provision of subchapter I applies.

 The marijuana having become the property of the Government the moment it was seized, Gordon's arguments regarding proof of ownership lack merit. Title having by law vested in the Government, its ownership was not a proper fact question for the jury, and the trial judge committed no

---

2. Gordon's arguments concerning sufficiency of the evidence and adequacy of the instructions are encompassed in the presentation, consideration, and disposition of the issues listed.

3. 19 C.F.R. § 162.63. Arrests and seizures.
 Arrests and seizures under the Controlled Substances Act (84 Stat. 1242, 21 U.S.C. 801) and the Controlled Substances Import and Export Act (84 Stat. 1285, 21 U.S.C. 951), shall be handled in the same manner as other Customs arrests and seizures. Controlled substances imported contrary to law shall be seized and forfeited in the manner provided in sections 607 and 608, Tariff Act of 1930, as amended (19 U.S.C. 1607, 1608).
 19 U.S.C. § 1607 requires that notice be published three weeks before forfeiture.

4. 21 U.S.C. § 881.
 (f). Forfeiture of schedule I substances.
 All controlled substances in schedule I that are possessed, transferred, sold, or offered for sale in violation of the provisions of this subchapter shall be deemed contraband and seized and summarily forfeited to the United States. Similarly, all substances in schedule I, which are seized or come into the possession of the United States, the owners of which are unknown, shall be deemed contraband and summarily forfeited to the United States.

5. 21 U.S.C. § 965. Applicability of Part E of Subchapter I.
 Part E of subchapter I of this chapter shall apply with respect to functions of the Attorney General (and of officers and employees of the Bureau of Narcotics and Dangerous Drugs) under this subchapter, to administrative and judicial proceedings under this subchapter, and to violations of this subchapter, to the same extent that such part applies to functions of the Attorney General (and such officers and employees) under subchapter I of this chapter, to such proceedings under subchapter I of this chapter, and to violations of subchapter I of this chapter. For purposes of the application of this section to section 880 of this title, any reference in such section 880 of this title to "this subchapter" shall be deemed to be a reference to this subchapter, any reference to section 823 of this title shall be deemed to be a reference to section 958 of this title, and any reference to section 822(d) of this title shall be deemed to be a reference to section 957(b)(2) of this title.
 That § 965 was amended after Gordon's arrest, to specifically incorporate § 881 into subchapter II, does not establish that it was not incorporated before the amendment. The added specificity of the amendment does not affect the applicability of the language quoted above.

error in refusing to allow Gordon to argue the issue to the jury.[6]

### (2) *Sufficiency of the Indictment*

The indictment charged Gordon with theft of "property of the United States having a value in excess of one hundred dollars ..." under a statute which provides: "Whoever ... steals ... any record, voucher, money, or thing of value of the United States or of any department or agency thereof ... [shall be guilty of an offense.]" Gordon points to the absence from the statute of the word "property" and the presence of that word in his indictment. He also cites the presence of that word in a predecessor statute, positing therefrom an implication that theft of Government "property" is not an offense under the current statute. That argument must fail.

▪ The current statute makes it an offense to steal a "thing of value *of* " (emphasis added) the United States. The word "of" necessarily implies ownership. Things "of" the Government, in the sense of the statute, are property of the Government. Hence an indictment charging theft of property of the Government constitutes full notice of a charge of theft of a thing of value of the Government. Moreover, the title of the statute under which Gordon was indicted reads "Public money, *property* or records" (emphasis added).

▪ Indictments must be read for their clear meaning, and convictions should not be reversed because of minor deficiencies which do not prejudice the accused. *United States v. Contris*, 592 F.2d 893, 896 (5th Cir. 1979); *United States v. Markham*, 537 F.2d 187 (5th Cir. 1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 739, 50 L.Ed.2d 752 (1977). There was no prejudice to Gordon here, where the indictment charged theft of "property of the United States having a value in excess of one hundred dollars." That language of the indictment is the full

equivalent of a "thing of value of the United States," and Gordon was thus fully informed of the nature of the offense charged.

### (3) *"Value"*

▪ The marijuana was an illegal substance, and the Government paid for its destruction. On those facts, Gordon says the marijuana was not a "thing of value," insisting that the required "value" must be value to the Government, not to smugglers or outlaws. We disagree.

▪ The term value must be liberally construed. The statute under which Gordon was indicted, 18 U.S.C. § 641, defines "value" as "face, par, or market value...." "Value" may also be "thieves value." *United States v. Bullock*, 451 F.2d 884, 890 (5th Cir. 1971); *Jalbert v. United States*, 375 F.2d 125, 126 (5th Cir.), *cert. denied*, 389 U.S. 899, 88 S.Ct. 225, 19 L.Ed.2d 221 (1967). Hence the district court properly foreclosed Gordon from arguing his "value" contentions to the jury.

AFFIRMED.

---

**6.** Gordon cites *Patmore v. United States*, 1 F.2d 8 (6th Cir. 1924) for the proposition that mere seizure does not confer title. That the *Patmore* court found adjudication after seizure necessary to create a forfeiture of distillation equipment is irrelevant here, where a statute specifically creates a summary forfeiture.