**UNITED STATES of America, Appellee,**

v.

**Ignacio PEREZ, Appellant.**

No. 82–2533.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1983.

Decided May 31, 1983.

Thomas E. Dittmeier, U.S. Atty., Pamela H. Bucy, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Kaveney, Fleming, Russell, Beach & Mittleman, Lawrence J. Fleming, Thomas F. Flynn, Clayton, Mo., for appellant.

Before ARNOLD and BENNETT,* Circuit Judges, and HENLEY, Senior Circuit Judge.

BENNETT, Circuit Judge.

Ignacio Perez (appellant) appeals from his conviction for violation of 18 U.S.C. § 641 (1976), stealing a thing of value of the United States. Specifically, appellant was convicted of stealing a government exhibit consisting of fifteen one-hundred dollar bills in a case where he was on trial for drug charges. Appellant contends that the district court[1] erred in failing to grant his motion for acquittal because the government exhibit was not a "thing of value of the United States," as it had not been subject to forfeiture. For the reasons set out below, we affirm.

*Background.*

On November 15, 1981, a criminal trial involving appellant and two other defendants was commenced in the United States District Court for the Eastern District of Missouri. Appellant was charged in three counts of a five-count indictment, the counts relating to conspiracy to distribute cocaine and distribution of cocaine (21 U.S.C. §§ 841(a)(1), 846). Trial was concluded on November 23, 1981, when the jury returned verdicts of guilty against all defendants on all counts.

One of the government exhibits in the above trial was Exhibit 10A, which consisted of fifteen one-hundred dollar bills. Exhibit 10 consisted of twenty-one thousand dollars. The money comprising both exhibits was found in the purse of a girlfriend of one of the other defendants; the purse was found in the house rented and occupied by appellant and his wife. The money was seized by special agents of the Drug Enforcement Administration pursuant to a search warrant.

The government, in preparing for trial, segregated the fifteen one-hundred dollar bills from the twenty-one thousand dollars because the serial numbers on these fifteen bills were linked to an earlier purchase of drugs. Exhibit 10A (which consisted of these marked bills) was to be used to corroborate a government witness' testimony that he purchased drugs from appellant and his co-defendants.

On November 17, 1981, prior to the start of the trial, the government's attorney handed defense counsel Exhibits 10 and 10A, at the latter's request. The government never received Exhibit 10A back from the defense table. Xerox copies of the bills in Exhibit 10A were substituted for the original bills and the trial commenced.

A grand jury investigated the loss of Exhibit 10A after the defendants were convicted and sentenced. Appellant volunteered to appear before the grand jury. Under oath, appellant admitted that he stole Exhibit 10A. Appellant gave two reasons for the theft of the government exhibit: (1) he thought it might help his case; and (2) he asserted that the agents who searched his home had taken $2,000 which they never reported as seized evidence. Defendant-appellant was indicted.

Appellant waived his right to a trial by jury, and the parties entered into a stipulation of facts upon which the court based its findings and decision. Appellant was charged with violation of 18 U.S.C. § 641, which states:

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

---

*The Hon. Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Hon. Edward L. Filippine, United States District Judge, Eastern District of Missouri.

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

Appellant argued that there was insufficient evidence to convict him under the above statute since there was no evidence presented that the property taken was property "of the United States," and that the property was not property of the United States in view of the fact that it had not been subjected to forfeiture. 21 U.S.C. § 881(a)(6).

The district court, on December 6, 1982, No. 82–208CR(3), held that there was sufficient evidence to find that the United States had the requisite interest in the money taken by appellant to satisfy the requirements of 18 U.S.C. § 641. The court relied on *O'Reilly v. United States,* 486 F.2d 208, 210 (8th Cir.), *cert. denied,* 414 U.S. 1043, 94 S.Ct. 546, 38 L.Ed.2d 334 (1973), and *Roma v. United States,* 53 F.2d 1007, 1008–09 (7th Cir.1931), for the proposition that the United States acquires an interest in property subject to forfeiture at the moment of the commission of the illegal act. The court went on to find that there was sufficient evidence that the money in question was "subject to forfeiture" under 21 U.S.C. § 881(a)(6) (1976). The court also noted that decisions have sustained findings of a sufficient federal interest in property for purposes of 18 U.S.C. § 641 where the government had either title to, possession of, or control over the property. The court therefore denied a motion for judgment of acquittal, found appellant guilty, and on December 17, 1982, sentenced him to thirty months in prison, said sentence to run con-

secutively to the seven-year sentence appellant had been given in the underlying drug case.

*Discussion.*

Although there appears to be no case that is directly on point on the issue before us— whether the government exhibit that Perez admittedly took was "a thing of value of the United States"—prior judicial interpretations of 18 U.S.C. § 641 provide a solid basis for our holding that appellant was properly convicted of a violation of the statute. In *United States v. Evans,* 572 F.2d 455 (5th Cir.), *cert. denied, sub nom. Gent v. United States,* 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978), the court considered the issue of whether money intended for student loans was property of the United States when it was embezzled. The court noted:

The decisions that have sustained findings of a sufficient federal interest in the property at issue have generally involved instances in which the government had either title to, possession of, or control over the tangible object involved. [572 F.2d at 471 (citations omitted).]

The court also stated:

The key factor involved in this determination of federal interest is the supervision and control contemplated and manifested on the part of the government. [572 F.2d at 472 (citations omitted).]

■ We have little difficulty in holding that here the United States had sufficient possession and control, if not actual title, to the property which constituted Exhibit 10A so as to be considered property "of the United States" for purposes of the statute.[2] In the stipulation filed by both parties it is stated that "[b]eginning August 20, 1981 [the date on which appellant was indicted by the grand jury], this money [Exhibit

---

**2.** *See* the recent opinion of this court in *United States v. O'Kelley,* 701 F.2d 758 (8th Cir.1983), where we held that an unendorsed U.S. Treasury check continued to be a "thing of value of the United States" (for purposes of 18 U.S.C. § 641) even after receipt of the check by the named payee. In *O'Kelley* the court did not find it necessary to determine actual "owner-

ship" or "title" in order to find a violation of the statute. *See also United States v. Maxwell,* 588 F.2d 568, 572 (7th Cir.1978), where the court held that the United States' retention of a beneficial (reversionary) interest in certain funds was sufficient to bring them within the phrase "money, or thing of value of the United States."

10A] was in the possession, control and custody of the United States." The government clearly had a right to have its evidence unimpaired during the pendency of the trial, and this right was violated by appellant's admitted theft of the government's exhibit.

 Appellant argues that "ownership" of the money taken did not lie with the government, as the government has never instituted forfeiture proceedings with regard to this money. As mentioned, the district court cited *O'Reilly v. United States,* 486 F.2d at 210, and *Roma v. United States,* 53 F.2d at 1008–09, for the proposition that the government acquires an interest in property which is subject to forfeiture at the time of the illegal use. While this rationale could be used as an alternate basis for a finding of a sufficient government interest, we do not find it necessary to our holding in this case. Regardless of who is (subsequently) adjudged to be the owner of the property in question, the United States had custody of the money under a claim of right, and clearly this right of possession and control would extend through the pendency of the trial. Even if the United States later has to return the money to appellant (or someone else), the government's right of possession at the time of the theft is unquestionable.

 Appellant also argues that it was legal error to charge him with a violation of 18 U.S.C. § 641, which carries a maximum penalty of ten years and a ten-thousand dollar fine, when (arguably) two other statutes that carry less severe penalties, 18 U.S.C. §§ 2232 and 2233 (1976), could have formed the basis for the prosecution. This court has recently stated that "[t]he decision to charge a particular defendant with one offense and not another is a matter

within the discretion of prosecuting authorities." *United States v. Sedovic,* 679 F.2d 1233, 1236 (8th Cir.1982). It is sufficient that we find appellant guilty of the charge brought against him, and the hypothetical applicability of other statutes is irrelevant to this determination.[3]

*Conclusion.*

We hold that the government's Exhibit 10A was a "thing of value of the United States" for purposes of 18 U.S.C. § 641. Accordingly, after thorough consideration of the record and the parties' submissions, we affirm appellant's conviction.

---

**3.** On March 9, 1983, appellant filed a motion with this court for leave to file an untimely reply brief, or for remand to the district court, or for a stay of this appeal on the basis of this court's remand to the district court on the question of whether the seizure of evidence in the underlying drug case was legal. 700 F.2d 1232 (8th Cir.1983). We denied this motion on March 29, 1983. The question of the possible

suppression of evidence in the underlying drug case does not impact on our holding in the instant appeal because at the time of the theft the government had possession of the money under the claim of right. In any event, the question of "suppression" of evidence should be left to the courts, rather than to the self-help remedy employed by appellant.