IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-3839
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VERONICA PICQUET,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

(May 29, 1992)

Before KING and WIENER, Circuit Judges and LAKE,[*] District Judge.

SIM LAKE, District Judge:

18 U.S.C. § 1029(a)(2) makes it a crime to obtain "anything of value aggregating $1,000 or more" during a one-year period by use of an unauthorized access device.  The issue in this appeal is whether sales taxes are includable in the $1,000 aggregate value.  The indictment against defendant-appellant, Veronica Picquet, alleged that Hibernia National Bank mailed VISA credit cards to its customers.  After some of the credit cards were returned to Hibernia as undeliverable, Rhonda Robinson, a retrieval clerk employed by Hibernia, stole several of them.  Gerald Robinson

_____

[*] **District Judge for the Southern District of Texas, sitting by designation.**

received two of the stolen credit cards from Rhonda Robinson, and gave them to Veronica Picquet. The indictment alleged that Picquet used the credit cards "to purchase approximately $1,016.81 worth of goods and services."

Picquet moved to dismiss the indictment because the $1,016.81 alleged in it impermissibly included sales taxes. The Government stipulated that if taxes were excluded, Picquet's total charges would not exceed $1,000.[**] After the district court denied her motion to dismiss, Picquet entered a conditional plea of guilty reserving her right to appeal. She now appeals her conviction arguing that the district court lacked subject matter jurisdiction because the value of the goods and services obtained with the credit cards was less than the $1,000 minimum required for prosecution under 18 U.S.C. § 1029(a)(2).

Picquet's principal argument is that because the statutory language "anything of value aggregating $1,000 or more" is ambiguous, the court should look to legislative intent and rules of construction, which she argues indicate that sales taxes should not be included. To interpret 18 U.S.C. § 1029(a)(2) Picquet directs the Court to 15 U.S.C. § 1644(a), which prohibits using a fraudulently obtained credit card "to obtain money, goods, services, or

---

[**] Picquet argued before the district court and in her brief before this court that 18 U.S.C. § 1029(a)(2) required that the indictment allege that she acquired at least $1,000 in goods or services. She did not contend that the government's proof was inconsistent with the allegation that she purchased $1,016.81 worth of goods and services. In essence, her argument is that the government could not have framed a charge under § 1029(a)(2).

-2-

\91-3839.2

anything else of value. . . ." She argues that this language indicates that "value" as used in § 1029(a)(2) means "other <u>items</u> not ordinarily perceived as money, goods, or services." (Brief for Appellant at p. 7; emphasis added) Picquet argues that since taxes are not such an item, their value is not includable in calculating the $1,000 jurisdictional minimum required by 18 U.S.C. § 1029(a)(2).

This argument fails for several reasons. First, Picquet was not indicted under 15 U.S.C. § 1644(a). The statute she was indicted under, 18 U.S.C. § 1029(a)(2), prohibits the use of unauthorized access devices to obtain "<u>anything</u> of value aggregating $1,000 or more" (emphasis added) and contains no language restricting "anything of value" to money, goods or services. Second, the fact that Congress chose to omit the restrictive examples of money, goods and services when it later enacted 18 U.S.C. § 1029(a), indicates that Congress intended a more expansive reading of "anything of value" in 18 U.S.C. § 1029(a). Finally, even were the court to look to 15 U.S.C. § 1644(a) as a guide to interpreting 18 U.S.C. § 1029(a), Picquet has cited no authority, and the court has found none, that a thing of value under 15 U.S.C. § 1644(a) is limited to the value of goods and services exclusive of sales taxes.

By arguing that sales taxes should be excluded from the aggregate value of "anything" obtained with an unauthorized access device, Picquet is essentially arguing that a sales tax payment is

-3-

\91-3839.2

not a thing of value.  Although neither party cited it as authority, this court in <u>United States v. Gordon</u>, 638 F.2d 886 (5th Cir.), <u>cert.</u> <u>denied</u>, 452 U.S. 909, 101 S.Ct. 3038 (1981), interpreted the meaning of "a thing of value" as used in 18 U.S.C. § 641, which makes it a crime to steal "any record, voucher, money, or thing of value" from the United States.  Gordon stole marijuana that the Coast Guard seized and was preparing to destroy.  He argued that the marijuana was not a thing of value because it had no value to the United States, which had paid to have it destroyed.  Despite the penal nature of the statute, the court held that the term "value" must be liberally construed.  The court held that a thing of value need not have value to the person from whom it was stolen; it must merely have value to someone, including the thief who stole it.  <u>Gordon</u>, 638 F.2d at 889.

The sales taxes at issue in this case have value to a number of persons and entities. First, because Picquet was required to pay sales taxes when she purchased the goods and services with the access devices, she obtained the value of tax payments when she acquired the goods and services.  A purchaser of goods or services incurs sales tax liability at the time of purchase, and such a condition precedent to consummating the transaction is inextricably intertwined with the act of obtaining the goods or services.  It is of no lesser importance than payment of the basic consideration. Second, Picquet's credit card transactions imposed an obligation on Hibernia Bank to pay not only the cost of the goods and services

-4-

Picquet obtained, but also sales taxes on them.  Hibernia Bank's obligation to pay merchants the sales taxes on the goods and services Picquet obtained from them is a thing of value both to the merchants and Hibernia.  Finally, the sales taxes incurred by Picquet have value to the taxing authorities.

Although Picquet maintains that the language of § 1029(a) is ambiguous and the ambiguity should be resolved in her favor, the meaning of a thing of value has been given a reasonably definite meaning in Gordon and is not ambiguous.  The rule of lenity requiring ambiguities to be resolved in favor of a defendant does not require that the language of penal statutes be read without common sense.  United States v. Mikelberg, 517 F.2d 246, 252 (5th Cir. 1975).  A common-sense reading of 18 U.S.C. § 1029(a) compels the conclusion that the cost of a good or service and the cost of sales taxes combine to aggregate the value of the goods and services that Picquet acquired with unauthorized access devices.

Because sales taxes are includable in determining the aggregate value of the goods and services Picquet obtained with unauthorized access devices, her conviction under 18 U.S.C. § 1029(a)(2) is AFFIRMED.

\91-3839.2