**UNITED STATES of America, Plaintiff–Appellant, Cross–Appellee,**

v.

**Robert D. SCOTT, Defendant–Appellee, Cross–Appellant.**

No. 92–6261.

United States Court of Appeals,
Eleventh Circuit.

June 25, 1993.

Terry Moorer, Asst. U.S. Atty., Montgomery, AL, for appellant.

John W. Kelly, III, Selma, AL, for appellee.

Before DUBINA, Circuit Judge, CLARK and ESCHBACH *, Senior Circuit Judges.

PER CURIAM.

The United States is appealing the district court's order granting Postmaster Robert D. Scott ("Scott") a judgment of acquittal notwithstanding a guilty verdict ("JNOV") on a charge of detaining mail. The district court granted Scott's motion for a JNOV on the grounds that the indictment failed to allege the charged offense and there was a fatal variance in the proof. The United States argues that these grounds are erroneous. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291.[1] We affirm.

### I.

In order to test the honesty of postal employees in Brundidge, Alabama, the United States Postal Service (the "USPS") mailed three test packages to fictitious addresses. Two were appropriately marked "Return to

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. In addition, the double jeopardy clause does not bar this suit as "[a]n appeal of a trial court judgment of acquittal notwithstanding a guilty verdict does not implicate the double jeopardy clause because the defendant will not be subject to a second trial." *United States v. Garate–Vergara*, 942 F.2d 1543, 1547 n. 2 (11th Cir.1991).

Sender" and returned. The third package, ostensibly from the Deluxe Coin Company, contained twelve $1 coins as well as a device that broadcast a beeping tone to surveillance vehicles. Scott, postmaster of Brundidge, put this package in a plastic U.S. mail tray along with USPS daily receipt and accounting books, placed the tray in his car and drove home, where he frequently performed USPS paperwork. Upon arriving home, Scott was approached by postal inspectors. After Scott consented to a search, the postal inspectors found the unopened package in Scott's truck. Scott testified that he brought the package home in an attempt to locate the addressee, as he had done on occasions in the past.

Scott was indicted for one count of detaining mail in violation of 18 U.S.C. § 1703 ("Count I") and one count of stealing mail in violation of 18 U.S.C. § 1709 ("Count II"). At the close of the evidence at trial, the district court granted Scott's motion to dismiss Count II because the indictment was fatally defective.[2] Count I went to the jury, which found Scott guilty. Scott moved for a JNOV or, in the alternative, for a new trial. After ordering and receiving briefs, the district court granted Scott's motion, dismissing Count I because the indictment failed to allege all the elements of the charged offense and because there was a fatal variance in the proof. In this appeal, the United States challenges those bases for the district court's JNOV. In addition, Scott filed a conditional cross-appeal to preserve review of alleged trial errors. Because we affirm the JNOV, we need not reach the issues presented on cross-appeal.

## II.

We review the district court's grant of a JNOV *de novo. United States v. Garate–Vergara,* 942 F.2d 1543, 1547 (11th Cir.1991). The district court's first reason for granting Scott's motion for a JNOV was that Count I of the indictment did not allege that the mail was detained "unlawfully." Lacking a *mens rea* element, Count I did not state an offense. We affirm the district court though our reasons differ slightly from those expressed in the district court's opinion.

An indictment must contain every element of the charged offense to pass constitutional muster. *United States v. Stefan,* 784 F.2d 1093, 1101 (11th Cir.), *cert. denied,* 479 U.S. 1009, 107 S.Ct. 650, 93 L.Ed.2d 706 (1986). This is because "[t]he Sixth Amendment guarantees every defendant the right to be informed of the government's accusations against him." *United States v. Chilcote,* 724 F.2d 1498, 1504 (11th Cir.), *cert. denied,* 467 U.S. 1218, 104 S.Ct. 2665, 81 L.Ed.2d 370 (1984). The district court correctly observed that the Count I failed to allege that the mail was detained "unlawfully." (R. 29–2.) The government conceded at oral argument that mail could be detained by a postmaster both lawfully and unlawfully. As noted in *Middlebrooks v. United States,* "where an act may be either lawful or unlawful ... the indictment must allege that it was done unlawfully." 23 F.2d 244, 245 (5th Cir. 1928) (citations omitted). Therefore, "unlawfulness" is an essential element necessary to state an offense under 18 U.S.C. § 1703(a).

In its brief, the government argued that its citation of the statute in the indictment cured the deficiency. To support this argument, the government relied on *Stefan,* which states that "when [an] indictment *specifically* refers to the statute on which the charge was based, the statutory language may be used to determine whether the defendant received adequate notice." 784 F.2d at 1101–02 (emphasis added), quoting *Chilcote,* 724 F.2d at 1505. The government's argument cannot succeed, however, because Count I of the indictment does not *specifically* refer to the statute. Count I states:

> On or about March 14, 1991, at Brundidge, Alabama, in the Middle District of Alabama, ROBERT D. SCOTT, while employed by the United States Postal Service did detain, delay and open a letter addressed to Nelson Sturdivant, which had come into his possession and which was intended to be conveyed by mail, in violation of Title 18, United States Code, Section 1703.

(R. 1.) Count I fails to indicate which of the two subsections of 18 U.S.C. § 1703 Scott is

---

**2.** That dismissal is not before us on appeal.

being charged with, (a) [3] or (b).[4] Thus, Scott could not tell with certainty whether he was defending against a charge based on subsection (a) or (b). Although the language of the indictment makes it appear most probable that the operative subsection is (a), (b) could conceivably apply. Therefore, prudence would require Scott to be prepared to defend against both (a) and (b). It is an undue burden for Scott to have to defend against a charge beyond that which the indictment was intended to convey.

The government points out that, in *Stefan*, this Court refused to reject an indictment that alleged only that an act was performed "knowingly," when both "knowledge" and "willfulness" were statutory elements of the offense because the analytical distinction between these *mens rea* elements was so slight. 784 F.2d at 1101–02. This aspect of the *Stefan* decision is not applicable to the case now before us, because Count I's failing is not that it restates a statutory element using slightly different words, but rather that it does not mention any *mens rea* element at all. The district court rejected Count I because it failed to allege the *mens rea* element of "unlawfulness"—an essential element under 18 U.S.C. § 1703(a). We reach the same conclusion with respect to 18 U.S.C. § 1703(b), because Count I also fails to allege that the mail was detained either "improperly" or "without authority."

Because Count I neither contains every element of an offense under 18 U.S.C. § 1703, nor refers with sufficient specificity to the statute, the indictment did not allege a cognizable offense and the district court was correct to grant Scott's motion for a JNOV. Consequently, we need not address the district court's second reason for granting Scott's motion for a JNOV,[5] or the issues raised by Scott's conditional cross-appeal.

### III.

For the foregoing reasons, the district court's judgment of acquittal notwithstanding the verdict is AFFIRMED. Scott's cross-appeal is DISMISSED as moot.

---

**3.** Subsection (a) states:

> Whoever, being a Postal Service officer or employee, unlawfully secretes, destroys, detains, delays, or opens any letter, postal card, package, bag, or mail entrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any carrier or other employee of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or the Postal Service, shall be fined not more than $500 or imprisoned not more than five years, or both.
>
> 18 U.S.C. § 1703(a).

**4.** Subsection (b) states:

> Whoever, being a Postal Service officer or employee, improperly detains, delays, or destroys any newspaper, or permits any other person to detain, delay, or destroy the same, or opens, or permits any other person to open, any mail or package of newspapers not directed to the office where he is employed;  or
>
> Whoever, without authority, opens, or destroys any mail or package of newspapers not directed to him, shall be fined not more than $100 or imprisoned not more than one year, or both.
>
> 18 U.S.C. § 1703(b).

**5.** That issue is whether the variance between the language of the indictment, which alleges that a "letter" was detained, and the evidence presented at trial, which involved only a "package," substantially prejudiced Scott's rights.