**UNITED STATES of America**

v.

**Patrick FRANKLIN.**

**No. 92–371–Cr–T–17(A).**

United States District Court, M.D. Florida, Tampa Division.

July 26, 1993.

Timothy Jansen, Asst. U.S. Atty., for U.S.

Frank Quesada, Clearwater, FL, for defendant.

### ORDER ON MOTION TO PROHIBIT GOVERNMENT IN THE TRIAL ON COUNTS THREE, FOUR AND FIVE FROM IMPEACHING DEFENDANT WITH HIS OWN PREVIOUSLY ENTERED PLEA OF GUILTY TO COUNT ONE

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to prohibit the United States of America (hereinafter referred to as the Government), in trial on Counts Three, Four and Five from impeaching Defendant with his previously entered plea of guilty to Count One, filed in open court on July 20, 1993, and Government's response, filed on July 21, 1993.

#### FINDINGS OF FACT

On January 19, 1993, Defendant appeared before the United States District Court for the Middle District of Florida and was released on a $100,000 signature bond. On March 25, Defendant entered a guilty plea to Count One of the Indictment, charging conspiracy to possess with intent to distribute 50 grams or more of cocaine in violation of Title 21, U.S.C. § 846. Sentencing was set for May 28, 1993.

On March 25, 1993, during Defendant's re-arraignment, Defendant was placed under oath and subject to the perjury laws. During questioning by the Honorable Elizabeth A. Kovachevich, United States District Court Judge, Defendant stated, under oath, that he was promised probation in return for his cooperation by Drug Enforcement Administration (DEA) Special Agent Calvin Higgins. This alleged promise, however, was not part of the written plea agreement signed by the parties. In addition, with Defendant present at side bar, defense counsel stated to the

Court that Special Agent Higgins promised Defendant probation, gave Defendant permission to record their conversations, and told Defendant that the case involved a lesser amount of drugs than was contemplated by the Government. In response to these assertions, the Court acknowledged on the record that the alleged conversations would affect Defendant's sentence under the United States Sentencing Guidelines.

Before Defendant's re-arraignment, Defendant's attorney gave the Assistant United States Attorney, representing the Government, a partial transcript of the relevant conversations. The United States Attorney, although suspicious of the transcript's authenticity, could not confirm or deny the allegations made in the transcript because Special Agent Higgins was not present at the re-arraignment.

On April 5th and 6th, 1993, the Assistant United States Attorney received the cassette tape of the recorded conversations described above. On April 7th, 1993, the cassette tape and recording instrument were mailed to the Federal Bureau of Investigation (FBI) Audio and Video Investigation Section. On May 13, 1993, the results from the FBI were returned, notifying the Assistant United States Attorney that the authenticity of the cassette tape and conversations were determined to be altered recordings. Furthermore, Special Agent Higgins states that the recordings and transcripts therein are the result of altered recordings by Defendant.

On May 14, 1993, Defendant was arrested by Criminal Complaint for obstruction of justice, in violation of Title 18, U.S.C. § 1503, in Case No. 93–250–MCW. On that same day, the Court held a Preliminary Hearing for the above-listed case before United States Magistrate Judge Charles C. Wilson. During the Hearing, it is alleged that Defendant, while testifying under oath, knowingly made false declarations to the Court relating to the authenticity of the tape recorded conversations in question. At the conclusion of the Hearing, the Court found probable cause that Defendant had attempted to obstruct the due administration of justice.

On May 27, 1993, a Superseding Indictment was returned by a Federal Grand Jury, adding three additional counts relating to obstruction of justice and perjury, in violation of Title 18, U.S.C. §§ 1503 and 1623. The Government alleges that Defendant's criminal conduct and the resulting charges filed in the Superseding Indictment violate the terms of the Plea Agreement filed with the Court on March 25, 1993. Paragraphs 1(b) and 15 of the Plea Agreement. Consequently, the Government has motioned to assert its option of revoking the Plea Agreement. Paragraph 14 of the Plea Agreement.

## DISCUSSION

Fed.R.Evid. 609(a) (amended 1990) provides:

(a) **General rule.** For the purpose of attacking the credibility of a witness,

(1) ... evidence that an accused has been convicted of a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.

When the Court decides whether to allow such evidence, it must be extremely careful. In nearly all cases in which "prior convictions are used to impeach the testifying defendant, the defendant faces a unique risk of prejudice—i.e., the danger that convictions ... will be misused by a jury as propensity evidence despite their introduction solely for impeachment." Fed.R.Evid. 609(a), 1990 Amendment. In order to avoid such a circumstance, the rule "requires that the government show that the probative value of convictions as impeachment evidence outweighs their prejudicial value." *Id.*

In applying the rule to the case at hand, it is necessary to first determine whether Defendant has been "convicted," consistent with the word's meaning in Fed. R.Evid. 609(a). *United States v. Semensohn,* 421 F.2d 1206 (1970), reiterates the wording of 609(a) by stating that "a witness's acts of misconduct are not admissible to impeach his credibility unless the acts resulted in the obtaining of a conviction." *Id.* at 1208. The court determined that a conviction does not become final "until sentence has been imposed." *Id.* The *Semensohn* court defended its determination by pointing out that a guilty plea lacks "certainty and finality" be-

cause the defendant has not yet been sentenced and could still seek to withdraw his guilty plea. *Id.*

In *United States v. Klein*, 560 F.2d 1236 (5th Cir.1977), the Fifth Circuit ruled that evidence of a "prior [jury] verdict of guilty against [the defendant] was admissable to impeach his credibility if he elected to testify." *Id.* at 1241. However, in dicta, the court emphasized that a plea of guilty is distinguishable and should be considered separately from a jury verdict, noting the lesser "assurance of finality" involved with a guilty plea. *Id.* Moreover, the court stated that "the rule allowing a defendant, upon leave of court, to withdraw a plea of guilty before sentence is imposed 'should be construed liberally in favor of the accused.'" *Id.* (citing *United States v. Turner*, 497 F.2d 406, 407 (10th Cir.1974), *cert denied*, 423 U.S. 848, 96 S.Ct. 90, 46 L.Ed.2d 71 (1975)).

In light of the Government's outstanding motion to set aside the plea agreement, the reasoning in *Semensohn* and *Klein* is especially relevant in the present case; the agreement bears direct relation to Defendant's guilty plea. If the agreement is revoked, there is an increased likelihood that the plea will be withdrawn as well. Thus, it is clear that introduction of the guilty plea is unwarranted given the obvious lack of certainty that it will be maintained. Consequently, due to the lack of certainty that the plea will be maintained, under *Semensohn* and *Klein*, Defendant's plea should not be viewed as a conviction.

To find otherwise would have strong due process implications. If the plea were to later be withdrawn, and no judgement of conviction were to follow, Defendant would have "suffered, unjustly and irreparably, the prejudice, if any, caused by the disclosure of the former conviction." *Campbell v. United States*, 176 F.2d 45, 47 (1949).

In response, the Government cites several Supreme Court cases that qualify a guilty plea as a conviction. *United States v. Broce*, 488 U.S. 563; 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). None of these references, however, are specific to the meaning of "conviction" under Rule 609(a); therefore, none conflict with, nor serve to overturn *Semensohn*. In fact, *Boykin*, the primary decision cited by the Government, was handed down in the year prior to *Semensohn*.

The Government also cites *United States v. Chilcote*, 724 F.2d 1498 (11th Cir.1984) in support of its argument that Defendant witness' guilty plea should be introduced to impeach Defendant's testimony. It is true that *Chilcote* lists several factors that should be considered in determining whether plea evidence is properly introduced or not; however, *Chilcote* addresses the problem when it is a co-defendant witness' guilty plea in dispute. *Id.* at 1503. The present case is distinguishable because it involves Defendant testifying on behalf of himself, and thus, due process implications that are not a concern in *Chilcote*, must be considered and carefully protected in the case at hand.

■ Finally, the Government, citing *United States v. Blithstein*, 626 F.2d 774 (10th Cir.1980), claims that even if Defendant's guilty plea is not admissible under Rules 609, the concept of "opening the door" allows such evidence to be introduced. *Id.* at 783. The Government reasons that because Defendant's counsel made mention of the guilty plea on cross-examination of the Government's witness, Defendant has "opened the door" for the plea to be used as impeachment evidence.

To place *Blithstein* in proper context, it must be noted that the Defendant in *Blithstein* "opened the door" to impeachment evidence by extensively testifying on the matter while under direct-examination by his own attorney. Should Defendant in the present case do the same, there is no question that the Government could address the guilty plea during cross-examination. However, Defendant only "opens the door" by "testifying to the matter on direct examination." *Rothschild v. State of N.Y.*, 388 F.Supp. 1346, 1349 (S.D.N.Y.1975). To allow the prosecutor "to impeach testimony which he himself had elicited for the first time on cross-examination is to allow the [Government] to build a case

against Defendant's credibility by bootstrapping." *Id.* The Tenth Circuit has made a similar assertion in *United States v. Heath,* 580 F.2d 1011 (10th Cir.1978), where the defendant claimed that the Government's mentioning of a post-indictment arrest during cross examination was "inflammatory." *Id.* at 1017. The court refused to reverse, reasoning that the defendant's counsel "opened the door to this [line of questioning] in his questions to her on direct." *Id.* Furthermore, no precedent has been uncovered enabling a defendant to "open the door" concerning the use of a prior conviction or plea for impeachment purposes by briefly mentioning the matter to another witness, other than the defendant.

 It is important to note that although the entire case does stem from Defendant's actions and statements made during his guilty plea, Counts One and Two are separate and distinct from Counts Three, Four and Five. In other words, in order to possess the facts necessary to make a determination on Counts Three, Four and Five, the jury must be aware that Counts One and Two exist, but not necessarily how they were decided. Although Defendant's guilty plea has been mentioned briefly at times during the trial, the prejudicial effect of such subtle mentioning pales in comparison to Defendant, himself, while in the spotlight on the stand, being forced to declare to the jury his guilt. Because the jury is already aware of Defendant's guilty plea, this Court must take all precautions to ensure that the jury does not misuse the information. Forcing the Defendant to impeach himself would substantially increase the likelihood that the jury would be prejudiced by information regarding the guilty plea, and thus, would also possibly infringe on Defendant's due process rights. Therefore, in the present case, the possible prejudicial effect to the accused outweighs the probative value of admitting the evidence.

In sum, a guilty plea cannot be considered a "conviction" in the case at hand for the purposes of Rule 609(a). Furthermore, even if the guilty plea were considered a "conviction" under Rule 609(a), in the present case, the probative value of admitting the evidence

is outweighed by the possible prejudice that may result. Finally, Defendant has not yet "opened the door" for the guilty plea to be used as impeachment evidence by mentioning the plea while cross-examining the Government's witness. Should Defendant, himself, discuss the plea while on direct-examination, the door will only then be considered open. Accordingly, it is

ORDERED that Defendant's motion to prohibit the Government, in trial on Counts Three, Four and Five from impeaching Defendant with his previously entered plea of guilty to Count One be granted.

DONE AND ORDERED.