[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 22, 2005
THOMAS K. KAHN
CLERK

No. 04-11488
Non-Argument Calendar

_____

D. C. Docket No. 03-00376-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WADE KILGORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 22, 2005)**

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After a jury trial, the defendant, Wade Kilgore, appeals his conviction for

being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). After review, we affirm.

## I. BACKGROUND

After Hillsborough County Sheriff Deputies initiated a traffic stop on a car that had been reported stolen, a search of the car revealed a revolver on the right rear floorboard of the car, a second gun inside a jacket on the car's center console, and a third gun inside a sock on the left side of the back seat. Deputies also found two ski masks and a bandana in the car.

The defendant, Kilgore, was driving the stolen vehicle, Jarvis Collins was in the front passenger seat, and Danny Rodriguez and Fabian Koenig were in the backseat.

At Kilgore's trial, Collins testified on behalf of the government. According to Collins, Kilgore supplied all three firearms so that the four men could rob a drug dealer that Kilgore knew. However, when the men arrived at the alleged drug dealer's apartment, the robbery was called off because there were too many people in the area.

After the initial failed robbery attempt, the four men continued to drive around looking for other potential victims. After identifying a man in a maroon SUV as a potential robbery victim, Kilgore and the other men began following the

SUV. However, deputies initiated a traffic stop before the four men could attempt the robbery.

The government also entered the following stipulation into evidence, wherein Kilgore stipulated that he was a convicted felon:

> The Defendant, Wade Kilgore, his counsel and the United States have stipulated and agreed that:
> 1. The Defendant, Wade Kilgore, is a convicted felon who has not had his right to possess a firearm or ammunition restored.
> 2. Since the defendant and the United States have agreed to these facts, the United States will not need to offer any more evidence regarding said facts and you are to accept those facts as proven.

In his defense, Kilgore testified on his own behalf.[1]  According to Kilgore, he had never discussed robbing anyone with the other three men. In fact, Kilgore denied that he had any knowledge that the car was stolen or that there were guns in the car until after the men spotted the police. According to Kilgore, he went out with the three other men to go "holler at some girls."

On cross-examination, the government asked Kilgore if he had previously been convicted of any felonies. Defense counsel objected "[p]ursuant to our stipulation." The district court held a sidebar and explained that it believed that Kilgore's prior convictions were admissible for impeachment purposes. Specifically, the district court stated

---

[1]Kilgore also presented the testimony of his cousin. Kilgore's cousin testified that he had seen Collins with the three guns before Collins had met with Kilgore.

3

[y]ou can't have it both ways. You can't enter into a stipulation to avoid reference to the conviction, and then, the defendant testify and not be subject to appropriate impeachment. That's all that's happening here. He may be properly impeached by his convictions and the nature and how long. That's it.

The district court permitted questioning concerning Kilgore's prior convictions for purposes of impeachment, but excluded the "details" of Kilgore's prior crimes "under 404 [as] highly prejudicial . . . , [n]ot probative or relevant or anything."

Defense counsel again objected, arguing that the stipulation precluded this line of cross-examination. The district court stated that it had "already addressed that. For purposes of cross-examination, is [the government] not allowed to bring out the facts of a prior felony conviction, the nature of the offense, without getting into the facts?" Defense counsel replied, "I think not, Your Honor, but I'll defer to the Court." The district court then permitted the government to inquire into Kilgore's prior convictions. Specifically, the district court stated: "I'm going to have to allow it. We're not going to get into all the details of these offenses, [just the] convictions, how many, and the nature and that's it."

The government then asked Kilgore if he had been convicted of three counts of armed robbery and one count of burglary of a dwelling. Kilgore responded that he had.

The district court then immediately instructed the jury that Kilgore's

4

answers to these questions could be used only for the limited purposes (1) of assessing credibility, and (2) of determining the issue of knowledge, intent, or lack of mistake. Specifically, the district court stated:

> Members of the jury, let me instruct you at this time that the admissibility of this evidence is limited to two things: One, assessing the witness'[s] credibility and two, on the issue of knowledge, intent or lack of mistake. It should not be consider[ed], in other words, as propensity evidence to someone's character. It is not admissible for [that] purpose."

After the district court issued its cautionary instruction, the government resumed its cross-examination, asking Kilgore if he had been involved in another prior robbery "with three other individuals while you were out hanging in a car at 2 a.m. in the morning?" Kilgore responded in the affirmative. The government then asked, "[a]nd you had a firearm in your possession at that time during the robbery? It was a shotgun, wasn't it?" Kilgore responded in the affirmative. Finally, the government asked if the circumstances of Kilgore's prior conviction were "circumstances almost identical" to the present charged offense. Again, Kilgore responded in the affirmative.

The jury found Kilgore guilty, and the district court sentenced him to 212 months' imprisonment. Kilgore appeals.

## II. DISCUSSION

On appeal, Kilgore argues that the district court abused its discretion when it

5

admitted evidence of his prior convictions for armed robbery and burglary.

Specifically, Kilgore contends that the evidence was not admissible because: (1) the parties entered into a stipulation that he was a convicted felon; (2) the evidence was inadmissable under Rule 404(b); and (3) Rule 609(d) precludes the admission of juvenile adjudications for impeachment purposes.

A.    The Stipulation

Kilgore asserts that because he stipulated that he was a convicted felon, the government was barred from questioning him about his prior convictions.[2] However, the stipulation only addressed Kilgore's status as a convicted felon. Once Kilgore testified on his own behalf, he put his credibility in issue. See United States v. Vigliatura, 878 F.2d 1346, 1350 (11th Cir. 1989) ("Once a criminal defendant chooses to testify, he places his credibility in issue as does any witness." (internal quotation marks and citation omitted)). Pursuant to Rule 609(a), "a defendant's credibility is subject to impeachment through evidence of his prior convictions." Id. at 1350-51. Consequently, the district court did not abuse its discretion in permitting the government's cross-examination of Kilgore

---

[2]If a defendant properly preserves his claim, we review the district court's rulings on admission of evidence for an abuse of discretion. United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000). We will reverse an erroneous evidentiary ruling "only if the resulting error was not harmless." United States v. Hands, 184 F.3d 1322, 1329 (11th Cir. 1999), corrected by 194 F.3d 1186 (11th Cir. 1999).

regarding his prior convictions.

B.     Rule 404(b)

Unlike the stipulation argument, defense counsel never objected to the introduction of evidence concerning Kilgore's prior convictions based on Rule 404(b). "To preserve an issue for appeal, a general objection or an objection on other grounds will not suffice." United States v. Gallo-Chamorro, 48 F.3d 502, 507 (11th Cir. 1995). By failing to object to the admission of evidence on a particular ground, a defendant "denies the trial court an opportunity to cure immediately any error created by the admission." United States v. Chilcote, 724 F.2d 1498, 1503 (11th Cir. 1984). Consequently, we do "not apply the usual abuse of discretion standard of review, but rather employ[] the plain error standard." Id. (citations omitted).[3]

Rule 404(b) provides in relevant part that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ....

---

[3]Under a plain error analysis, a defendant must show (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002) (internal quotations and citations omitted). An error cannot be plain if the error is not obvious or clear under current law. United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999).

Fed. R. Evid. 404(b).

Under rule 404(b), a three-step test must be satisfied in order for evidence to be admitted: (1) the offense must be relevant to an issue other than the defendant's character; (2) there must be proof that the defendant committed the offense; and (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403. United States v. Matthews, 411 F.3d 1210, 1224 & n.14 (11th Cir. 2005).

As to the first prong, this Court has concluded that

the fact that [a defendant] knowingly possessed a firearm in a car on a previous occasion makes it more likely that he knowingly did so this time as well, and not because of accident or mistake. Importantly, because [the defendant's] prior crimes plainly bore on his knowledge that the gun was present in [the] truck, the district court could by no measure have committed plain error by so concluding.

United States v. Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003). The first prong was satisfied in this case because the fact that the defendant knowingly possessed a firearm in a car on a prior occasion was relevant to show the defendant's intent, knowledge, and plan as to the firearm charge in this case.

As for the second prong, when the Rule 404(b) evidence involves a conviction, there is sufficient proof the defendant committed the prior offense. United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995).

Regarding the third prong, this Court has stated that the proper analysis in

8

assessing plain error is not "to determine whether the evidence of [the defendant's] other crimes was more unduly prejudicial than probative. Instead, we ask only whether the district court committed plain error in concluding that this calculus tips in favor of admissibility." Jernigan, 341 F.3d at 1282. As in Jernigan, the district court in this case provided a cautionary instruction to the jury and was careful to omit "especially prejudicial aspects of [the] prior convictions." Id.

Thus, for all these reasons, we conclude that the district court did not commit plain error under Rule 404(b) when admitting evidence concerning Kilgore's prior convictions.

C.    Rule 609(d)

As above, Kilgore failed to make any objection to the admission of evidence concerning his prior convictions based on Rule 609(d). While it is true that "[e]vidence of juvenile adjudications is generally not admissible under this rule," see Fed. R. Evid. 609(d), Kilgore fails to present any evidence that any of his prior convictions were, in fact, juvenile adjudications.

While defense counsel's brief on appeal does assert that Kilgore was 17 years old "at the time of the convictions," this in no way demonstrates that Kilgore was tried as a juvenile for these crimes. In fact, the PSI does not mention that these were juvenile offenses and indicates that Kilgore received substantial prison

terms for his prior convictions. Because Kilgore has offered no evidence indicating that his convictions were juvenile adjudications, we cannot say the district court committed plain error under Rule 609(d) when admitting evidence of his prior convictions.[4]

For all the above reasons we affirm Kilgore's conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

AFFIRMED.

---

[4]On appeal, Kilgore also contends that the evidence of his prior convictions was inadmissible pursuant to Rules 608 and 609(a). However, Kilgore did not make objections based on Rules 608 or 609(a) in the district court, and, on appeal, Kilgore only states these general rules and does not argue the issues in his appellate brief. When a party "elaborates no arguments on the merits as to [an] issue in its initial or reply brief . . . the issue is deemed waived." Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). Consequently, we do not discuss these issues further.