[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15816
Non-Argument Calendar

_____

D. C. Docket No. 06-00021-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GANGSTA' KO-LOF BISHOP GOSPIDON,
a.k.a. Derrick Johnson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 14, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Gangsta' Ko-Lof Bishop Gospidon appeals his jury convictions for

conspiracy to distribute and possess with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841 and 846, distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), distribution of more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), knowing possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

Gospidon argues on appeal that the indictment was defective on its face because it failed to specifically name his co-conspirators. He acknowledges that we have held that the indictment need not provide the names of co-conspirators, but he asserts that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires a different result, as it strengthened Sixth Amendment and due process protections. However, we have reaffirmed our position that the indictment need not provide the names of co-conspirators after Apprendi. See United States v. Arbane, 446 F.3d 1223, 1228, n.8 (11th Cir. 2006).

He further argues that the government's failure to list the names of the co-conspirators in the indictment was unconstitutional because the government's practice was a fundamentally unfair ambush on him. Gospidon also appears to argue that the government's failure to identify the co-conspirators in the indictment

2

amounted to a violation of his confrontation and cross-examination rights. These arguments were first made on appeal.

Where a defendant fails to raise an objection to the indictment until the appeal, we "must find the indictment sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted." United States v. Chilcote, 724 F.2d 1498, 1504-05 (11th Cir. 1984). That is clearly not the case here and we conclude that the indictment was not fundamentally defective for failing to specifically name Gospidon's co-conspirators. Gospidon's other constitutional claims are waived, as he did not provide any analysis, citations to the record, or citations to any legal authority in his brief.

Gospidon also argues on appeal that the district court erred in denying his motion for judgment of acquittal, asserting that the government's evidence was insufficient to support a conviction of conspiracy. He argues that although other people sold drugs from his apartment, this evidence is circumstantial and insufficient proof of a conspiracy. We review sufficiency of the evidence de novo to determine whether a reasonable jury could have concluded that the evidence established the defendant's guilt beyond a reasonable doubt. United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005). In so doing, we view the evidence

3

in the light most favorable to the government and make all reasonable inferences and credibility choices in the government's favor. Id. In this case, the evidence presented at trial indicated that Gospidon began using his girlfriend's apartment to sell drugs, and soon thereafter invited other sellers to use the apartment as a drug sales center. The evidence in this record clearly supported the jury's finding that Gospidon conspired with others to sell crack.

Finally, Gospidon argues that his trial counsel was ineffective for failing to request a specific buyer-seller jury instruction, which would instruct the jury on the difference between a conspiracy and a series of buyer-seller drug transactions. He was entitled to have jury instructions presented for any theory of defense that has a foundation in the evidence. He further contends that the failure could not have been a judgment call because the instruction would have directly aided the defense and would not have any negative consequences. Gospidon also argues that his trial counsel was ineffective because the attorney failed to obtain the names of Gospidon's co-conspirators. He argues that if such a request had been made, it would have been granted, and that knowledge of the identities of the co-conspirators was essential to a meaningful defense.

We generally will not consider an ineffective-assistance-of-counsel claim raised on direct appeal "because there usually has been insufficient opportunity to

4

develop the record regarding the merits" of the claim.  United States v. Mayes, 158 F.3d 1215, 1219 n.6 (11th Cir. 1998) (citation omitted).  That is the case here and we, thus, decline to reach the ineffective assistance claims because the record is inadequate.

**AFFIRMED.**