[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13912
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00297-JDW-TGW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN CANADY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 25, 2012)

Before DUBINA, Chief Judge, MARCUS, and BLACK, Circuit Judges.

PER CURIAM:

Appellant Melvin Canady appeals his conviction for distribution of cocaine

base under 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.  On appeal, Canady argues that his statements concerning prior drug transactions should have been suppressed because (1) he had not been informed of his *Miranda*[1] rights prior to making the statements in question; (2) the statements were not admissible under Federal Rule of Evidence 404(b) because they had not been independently corroborated; and (3) the statements were excludable pursuant to Federal Rule of Evidence 403.  Further, Canady argues that the evidence was insufficient to support his conviction.

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error, and its legal conclusions *de novo*.  *United States v. Virden*, 488 F.3d 1317, 1321 (11th Cir. 2007).  When considering a ruling on a motion to suppress, we construe all facts in the light most favorable to the prevailing party below.  *Id.*  We have stressed that "a trial court's credibility determination is conclusive on the appellate court unless the judge credits *exceedingly* improbable testimony."  *Odili v. United States Parole Comm'n*, 474 F.3d 1255, 1261 (11th Cir. 2007) (internal quotation marks omitted).  Therefore, we give due weight to a trial court's finding that an officer is credible.  *Ornelas v. United States*, 517 U.S. 690, 700, 116 S. Ct. 1657, 1663

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

2

(1996).

Here, Canady alleges that the post-arrest statements in question were given before Master Detective Belvin Sanchez informed Canady of his *Miranda* rights. In contrast, Sanchez testified that he informed Canady of his *Miranda* rights before Canady made the statements in question, that Canady knowingly and voluntarily waived his rights, and that Canady never invoked his right to an attorney or to remain silent. The district court found that Sanchez's testimony on the timing of the *Miranda* rights was credible and that, therefore, there was no reason to suppress the statements under *Miranda*. Canady has not established that the district court relied on testimony that was improbable under any standard, much less exceedingly improbable. Therefore, we conclude that the district court did not err by crediting the testimony of a police officer over Canady's testimony about the timing of the *Miranda* warning.

Second, Canady alleges that his statements were not admissible under Federal Rule of Evidence 404(b) because his statements were not independently corroborated, and therefore, they alone cannot establish that he committed the prior drug transactions. Under Rule 404(b), evidence of a prior bad act can be admitted as proof of, *inter alia*, intent, knowledge, or absence of mistake or accident. Where a defendant enters a not guilty plea, he places his intent directly in

3

issue. *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). To be admissible under Rule 404(b), there is a three-prong test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof that a jury could find by a preponderance of the evidence that the defendant committed the act; and (3) the probative value of the evidence must not be substantially outweighed by undue prejudice, as established in Federal Rule of Evidence 403. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

To meet the first prong of this test, the prior bad act must require the same intent as the crime for which the defendant is indicted. *United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001). This prong is met "where the state of mind required for the charged and extrinsic offenses is the same." *Edouard*, 485 F.3d at 1345. Under the second prong, there must be sufficient evidence for a jury to find, by a preponderance of the evidence, that the defendant committed the extrinsic act that the government alleges. *United States v. Edwards*, 696 F.2d 1277, 1280 (11th Cir. 1983) ("[T]his requires only that the jury *could* find that the defendant committed the offense."). A defendant's own admission to the acts, "even if mere puffery," is sufficient to meet the second prong of this test. *United*

4

*States v. Chilcote*, 724 F.2d 1498, 1502 n.2 (11th Cir. 1984) (citing *Edwards*, 696 F.2d at 1280).

The third prong requires the court to conduct the Federal Rule of Evidence 403 inquiry based "upon the circumstances of the extrinsic offense." *Edouard*, 485 F.3d at 1345 (internal quotation marks omitted). The district court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. *See* Fed.R.Evid. 403. We view the disputed evidence "in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Edouard*, 485 F.3d at 1344 n.8 (internal quotation marks omitted). Under Rule 404(b), similarity between the prior bad act and the charged conduct will make the other offense highly probative of the defendant's intent in the charged offense. *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005). Moreover, the risk of undue prejudice can be reduced by an appropriate limiting jury instruction. *Id.*

Here, the first prong is met because the prior bad acts and the charged act are the same – distribution of crack cocaine. *See United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir. 1990) (holding that evidence relating to prior drug dealings is "highly probative" of a defendant's intent to distribute a controlled substance). Under the second prong, Canady's statements are sufficient for a jury

to find that he committed the prior bad acts by a preponderance of the evidence. Despite Canady's argument that corroborating evidence is needed for his own statements to be admitted under this rule, we have held otherwise. *See, e.g.*, *Chilcote*, 724 F.2d at 1502 n.2; *Edwards*, 696 F.2d at 1280. Canady's statements are therefore sufficient for a jury to find by a preponderance of the evidence that Canady committed the prior bad acts, even without further corroboration.

Last, the admission of the evidence would not result in unfair prejudice to the defendant. The statements at issue here are highly probative of Canady's intent because they establish that Canady had distributed crack cocaine in the past in order to gain income. Furthermore, the district court mitigated any unfair prejudice to Canady by instructing the jury not to consider the statements for any reason other than to establish Canady's knowledge and/or intent and that he did not act because of a mistake or accident. S*ee United States v. Almanzar*, 634 F.3d 1214, 1222 (11th Cir. 2011) ("We presume that jurors follow the instructions given by the district court."), *cert. denied*, 132 S. Ct. 316 (2011). In light of the probative value of the statements and the court's limiting instruction, the danger of unfair prejudice here does not outweigh the probative value of the evidence. Therefore, we conclude from the record that the district court did not err by refusing to suppress Canady's statements about prior drug transactions.

Furthermore, Canady argues that the evidence presented below is insufficient to support his conviction. We review the sufficiency of the evidence to support a conviction *de novo*. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). To determine if sufficient evidence exists to support an appellant's conviction, we "view the evidence in the light most favorable to the government and decide whether a reasonable fact finder could have reached a conclusion of guilt beyond a reasonable doubt." *United States v. Herrera*, 931 F.2d 761, 762 (11th Cir.1991). Furthermore, "[a] jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.* "When the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction." *United States v. Mendez*, 528 F.3d 811, 814 (11th Cir. 2008).

To establish that the defendant aided and abetted someone, the government must prove: (1) the substantive offense was committed by someone; (2) an act by the defendant contributed to and furthered the offense; and (3) the defendant intended to aid in the commission of the substantive crime. *United States v. DePace*, 120 F.3d 233, 238 (11th Cir. 1997). To establish the offense of distribution of cocaine base the government must establish: (1) knowledge,

(2) possession, and (3) intent to distribute. *United States v. Mercer*, 541 F.3d 1070, 1076 (11th Cir. 2008).

Here, the government has established the knowing and intentional distribution of cocaine by presenting evidence that Canady knowingly possessed crack cocaine, and that he transferred the drugs to a co-conspirator, who then gave the drugs to two undercover police officers. Canady aided and abetted his co-conspirator, Carlos Green, by (1) driving Green to meet the undercover detectives, (2) transferring a substance from a bag to Green, (3) consulting with Green about the price and amount of the crack cocaine, and (4) personally telling the detectives that he did not have any more crack cocaine when they asked Green for more. Additionally, Canady's own statements where he admitted to buying and reselling crack cocaine in order to generate income on numerous occasions in the past are evidence of his intent. Because the evidence must be construed in favor of the jury's verdict, we conclude that this evidence is sufficient to prove that Canady aided and abetted the distribution of cocaine base, and we affirm his conviction.

**AFFIRMED.**